# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MARK SHELBY SIMES/GORDON,                                                              PLAINTIFF
ADC # 092909

v.                                      5:15CV00151-JLH-JJV

WENDY L. KELLY, Deputy Director,
ADC Health and Correctional Programs; *et al.*                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Mark Shelby Simes/Gordon ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He alleges the named Defendants exhibited deliberate indifference toward his serious medical needs. (Doc. Nos. 2, 9.) Now, Defendants Estella Bland, Lasonya Griswold, and Jennifer Handly have motioned for summary judgment based on Plaintiff's failure to exhaust administrative remedies against them. (Doc. No. 44.) Plaintiff has not responded and the deadline for doing so has passed.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 12-16. (Doc. No. 45-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id.* at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden or Health Services

3

Administrator, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

    A.    **Defendant Handly**

Defendants state Plaintiff identified three grievances – CU-13-02735, CU-13-02766, and CU-13-03190 – pertaining to Handly in discovery. (Doc. Nos. 45-3 at 1; 45-4 at 3.) They argue these grievances do not exhaust Plaintiff's claims against Handly because none of them name or otherwise identify her. I agree. CU-13-02735 and CU-13-02766 identify only Health Services Administrator "D. Cecil" by name. (Doc. No. 45-2 at 3, 11.) CU-13-03190 does name Defendants Griswold and Bland, but makes no explicit reference to Defendant Handly. (*Id*. at 22.) There is also no evidence that prison officials *sua sponte* considered Defendant Handly's conduct in their responses to any of these grievances. (*Id*. at 1-2; 9-10; 20-21.)

Based on the foregoing, I conclude Plaintiff failed to exhaust administrative remedies against Defendant Handly.

    B.    **Defendants Griswold and Bland**

Plaintiff identified nine grievances – CU-13-02735, CU-13-02754, CU-13-02766, CU-13-02845, CU-13-03180, CU-13-03190, CU-13-03191, CU-14-00114, and CU-14-00115 – which implicated either Griswold or Bland. (Doc. Nos. 45-5 at 1; 45-6 at 7; 45-7 at 1; 45-8 at 14.) I have reviewed these grievances and only one – CU-03190 – identifies Defendants Griswold and Bland.[1] (Doc. No. 45-2 at 22.) The question is whether this grievance exhausts any of Plaintiff's immediate claims. Defendants contend it does not because it mentions both nurses only for the purpose of

---

[1]Prison officials mentioned Defendant Griswold in their responses to CU-13-03180 and CU-13-03191. (Doc. No. 45-2 at 17, 23.) Neither grievance makes specific allegations against Griswold and, in both cases, she appears to be mentioned only for the purpose of reminding Plaintiff that he had been seen for his medical concerns.

4

showing that Plaintiff had been examined multiple times. They argue the grievance makes no actual allegations of wrongdoing against either. It is a close call, but I agree. The relevant text of the grievance states:

> I was seen today by sick call for a on going problem I've been experiencing with my left knee from a injury I suffered on 6/28/13. This makes the third time I have been seen by sick call for my left knee 7/2/13, 9/11/13, and today. I have been seen once by Nurse Bland on 9/05/13 and twice by Nurse Griswold on 9/27/13 and 12/26/13 to which she told me to put in a sick call. However, I was told today by Nurse B. Johnson that I would have to put in 3 consecutive sick calls about (one) problem to be referred to a provider for further treatment as I was only given some asprins (sic). These deficient protocals (sic) hinders and delay adequate medical care to my injuries. I shouldn't have to continue going through frivolous weeks of sick call fees to receive adequate treatment. My knee feels like I tore something as it periodically swells. I need to see a specialist.

(Doc. No. 45-2 at 22.) The grievance does not explicitly identify any treatment failure or other misconduct by Defendant Bland or Griswold. Rather, it alleges the medical protocols are themselves deficient. Prison officials responded at the unit level by noting x-rays had been ordered on September 27, 2013, and the nurse who saw Plaintiff on December 28, 2013 (non-party "B. Johnson") found no serious medical issues. (*Id*. at 21.) The deputy director's response echoed the unit response while noting Plaintiff had impermissibly tried to raise new issues on appeal. (*Id*. at 20.)

Defendants correctly argue that merely identifying an individual is insufficient to exhaust administrative remedies against them. A properly exhausted grievance requires both identification of the staff member and some allegation of wrongdoing for prison officials to investigate. *See Champion v. Akins*, 498 Fed. Appx. 670 (8th Cir. 2013). Accordingly, I find Plaintiff failed to exhaust his administrative remedies against Defendants Griswold and Bland.

IV.   **CONCLUSION**

      IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 44) be GRANTED.

2. Defendants Estella Bland, Lasonya Griswold, and Jennifer Handly be DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies against them.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 14th day of December, 2015.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE