**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARK SHELBY SIMES/GORDON,                                                                                          PLAINTIFF
ADC # 092909

v.                                              No. 5:15CV00151-JLH

WENDY L. KELLY, Deputy Director,
ADC Health and Correctional Programs; *et al.*                                                               DEFENDANTS

**ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe. No objections have been filed. After careful consideration, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted as this Court's findings with the following additional comments.

The plaintiff cites one case, *Austin v. Correctional Medical Services, Inc.*, which supports his argument that two of his grievances sufficiently identified Handly, Bland, and Griswold when Simes wrote Cummins Unit Medical Staff in the grievances. No. 1:07-CV-616, 2008 WL 4426342 (W.D. Mich. Sept. 26, 2008). In that case, the court held that a grievance naming the "Medical Service Department" adequately placed on notice all individuals involved with providing health care to prisoners. The grievances here that use similar language are CU-13-02735 and CU-13-02845. In CU-13-02735 he states: "Cummins Unit Medical Staff dejected and fasely diagnose my serious medical needs as I was force to walk on a broken foot/ankle without support or a case." Document #2 at 121. In CU-13-02845 he states "Cummins Unit Medical Staff has continue, month after month, to downsize or refuse me proper adequate treatment." Document #2 at 136.

In a previous case, this Court held that naming the "Varner Unit Medical Staff" was not sufficient to exhaust the administrative remedies because it did not specifically name the defendants. *Leggett v. Corizon, Inc.*, No. 5:13-CV-00180-JLH, 2014 WL 5325170, *6 (E.D. Ark. Oct. 17, 2014). The reasons were that the plaintiff did not specifically name the defendants, or the conduct he complained of in the lawsuit, he did not provide personal descriptions, job descriptions or alleged improper conduct. *Id*. The plaintiff's "grievance was limited to the fact that he needed pain medication and an air cast, as suggested by another physician, and that Defendant Hubbard was not providing to him." *Id*. Since he was not specific in the facts surrounding others involvement, the other defendants were not sufficiently identified. *Id*.

This case is similar. Simes did not provide specific facts surrounding each defendant's actions. He made broad statements about his lack of medical care. The grievance procedures require a brief statement "that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." Document #45-1 at 5. Simes' statements did not comply and the response to CU-13-02845 does not respond to this part of his grievance. Document #2 at 154. The response to CU-13-02735 directs him to CU-13-02766 for a response. That response simply states they are sorry if his request for an interview was not addressed. Document #2 at 183.

Simes failed to provide sufficient information in his grievances to identify the defendants.

IT IS, THEREFORE, ORDERED that:

1.	Defendants' motion for summary judgment is GRANTED. Document #44.

2.	Defendants Estella Bland, Lasonya Griswold, and Jennifer Handly are DISMISSED without prejudice due to plaintiff's failure to exhaust administrative remedies against them.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

SO ORDERED this 27th day of January, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE